**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ricardo Angelo White, Sr d/b/a Raw Deals Liquidation Sales, LLC,<br><br>Plaintiff,<br>vs.<br><br>Hartford Insurance Company,<br><br>Defendant. | Case No. 2:26-cv-02807-APG-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 8)** |

The Court has considered defendant's *Motion to Stay Discovery* ("Stay Motion") (ECF No. 8) pending resolution of its *Motion to Quash Service and Dismiss Amended Complaint* ("Dismiss Motion") (ECF No. 4). Plaintiff filed a Non-Opposition to defendant's Stay Motion. *ECF No. 13*. The Court **GRANTS** defendant's Stay Motion for the reasons below.

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following

two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

The Court finds staying discovery is appropriate in this case. Defendant argues that the issues in its dispositive Dismiss Motion can be adjudicated without discovery and that good cause exists to grant a stay of discovery. *ECF No. 8*. Plaintiff does not oppose staying discovery pending adjudication of defendant's Dismiss Motion, and does not identify any discovery that is needed to respond to the Dismiss Motion. *ECF No. 13*. The Court agrees that defendant's Dismiss Motion can be decided without further discovery and that good cause exists to stay discovery pursuant to Rule 1. *See Aristocrat Techs.*, *Inc.*, 2024 WL 2302151, at *2; Fed. R. Civ. P. 1. Adjudicating the Dismiss Motion here "would [also] provide for either a clear and concise statement of the claims… or complete dismissal of plaintiff's claims[,]… [saving] the parties from the expenses of unnecessary discovery." *Overall v. Transp. Commodities*, No. 2:25-cv-02036-APG-MDC, 2026 WL 488442, at *2 (D. Nev. February 20, 2026); *see* Fed. R. Civ. P. 1. Therefore, the Court grants defendant's request to stay discovery pending adjudication of its Dismiss Motion.

For the foregoing reasons,

**IT IS ORDERED** that:

1. Defendant's *Motion to Stay Discovery* (ECF No. 8) is **GRANTED.** Discovery and pretrial deadlines in this matter shall be stayed pending resolution of defendant's *Motion to Quash Service and Dismiss Amended Complaint* (ECF No. 4).
2. If the Court denies defendant's *Motion to Quash Service and Dismiss Amended Complaint* (ECF No. 4), within two weeks of the entry of the Court's order, the parties shall meet and confer and file a stipulated discovery plan and scheduling order in conformity with LR 26-1.

DATED: October 14, 2026.

IT IS SO ORDERED.

_________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party’s attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**